Price, J.
The theory of the plaintiffs in error is made manifest in the questions propounded at the trial and in the instructions requested, which appear in the statement of the case. It is, that after the 'trial of the right of property seized on attachment in which the jury found for. the claimant, the attachment creditor could give the undertaking specified in Section 5446, Revised Statutes, and have enough of the personal property sold to satisfy his demand and costs of the case, and the value of the portion so sold, with interest, is the limit of his liability on the undertaking. This theory did .not prevail in the lower courts, for the rejection of the testimony offered on the trial and the refusal to charge as requested, as well as the general charge, recognized a different construction of the statute and the undertaking executed thereunder. The trial court charged the jury as follows: “This bond was given for the protection of the sheriff on carrying into effect the process which The W. L. Adamson Company caused to be issued in its suit against Jonah E. Izor, and when given, took the place of the property which in the proceedings before the magistrate was declared to be in the plaintiff.
“If you find for the plaintiff, therefore, he will not be limited in his recovery to the amount of the property sold by the sheriff, although notified that the claim of The W. L. Adamson Company was satisfied without the sale of all the property, and although the said The W. L. Adamson Company and the sheriff offered to surrender said residue. • * * *”
*72 This rule of liability is the very opposite of the one contained in the special instructions requested by the plaintiffs in error. Which is the correct rule ? —seems to be the only important question raised in the record. A brief consideration of the statutes relating to the subject will furnish an answer to the question. After the stock of groceries, provisions, fixtures, horses, wagons, harness, etc., had been taken in attachment by said company, the defendant in error made claim that he owned all of said property, and demanded of the sheriff that he cause proceedings to be had to try the right of the claimant to the same. The course of procedure in such case is pointed out in Section 5444, Revised Statutes, and it was pursued by the sheriff, so that the creditor, who had due notice of the time and place of trial, and the claimant, met before the magistrate and jury where the right of property was contested. The claimant won as to all the attached property, for such was the verdict of the jury. Section 5445, Revised Statutes, authorizes the magistrate, in case of such verdict, to “render judgment upon such finding for the claimant, that he recover his costs against the plaintiff in execution, or other party for whose benefit the execution issued, and also that he have restitution of the goods and chattels, or any part thereof, according to the finding of the jury. * * * A judgment for the claimant, unless an undertaking be executed as provided in the next section, shall be a justification of the officer in returning ‘no goods’ to the writ of execution-by virtue of which the levy was made, as to such part of the goods and chattels as were found to belong to the claimant, and the same fees, ¿tc.”
The attaching creditor, plaintiff in error, yvas not *73 content with the verdict and judgment rendered in favor of the claimant, did not intend that the attached property should be restored to him, and as the proceeding was not conclusive, he resorted to the next section (5446) for the purpose of bringing the property — not part — but all of the attached property to sale. So within three days next after the verdict and judgment, the creditor,- The W. L. Adamson Company, executed the undertaking provided for in that section. It was in double the value of the property as fixed by the jury in- the magistrate’s court and'conditioned that “if the said The W. L. Adamson Company shall pay to said Jacob H. Izor all damages sustained by reason of the detention or sale of the property so attached, then these presents shall be void; otherwise to be and remain in full force and effect.” This bond with approved sureties was taken, and as directed by the statute, it was delivered to the claimant who is defendant in error. It is worthy of note that the sheriff is not required to file this undertaking in his office or the office of the clerk, but it must be delivered to the claimant.
Then what follows ? The officer proceeds “to sell the property as if no trial of the right there to had taken place, and shall not be liable to the claimant therefore.” This means that the officer is directed to resume possession of the goods and chattels and sell them as property of the attachment debtor, J. E. Izor. The bond in-double the value of the property having been delivered to the claimant, Jacob H. Izor, the latter yielded full possession and control to the officer who was holding the process for plaintiff in error in the attachment proceeding. The creditor still insisted that the goods and chattels be *74 longed to his debtor, notwithstanding the verdict and judgment in the magistrate's court where the right of property had been tried, and to carry this claim over such verdict and judgment, the undertaking under consideration was executed and delivered to the claimant. It is not conditioned for the restoration of any part of the property to the claimant, but that he, the creditor, will pay all damages sustained by reason of the detention or sale of the property. By reason of these proceedings there came to pass a complete conversion of the attached goods and chattels.
Oftentimes personal property attached is in whole or in part of a perishable nature, and such may have been true in the attachment proceeding' referred to herein, and it is the policy of the law that the jus disponendi should at all times reside somewhere and not be suspended for an indefinite period. After delivery of the undertaking in whom was the jus disponendi? Surely not in the claimant, Jacob H. Izor, for that is what he had just lost by reason of the undertaking. It would seem that the attaching creditor assumed that right inasmuch as he directed the officer to take full and absolute control of all the attached goods and chattels and sell them as the property of J. E. Izor; and the goods that were sold were sold as his goods, the purchaser taking title as of the goods of J. E. Izor. What right has the creditor, when he has caused the sale of enough of the goods of J. E. Izor to satisfy his cause of action and costs, to treat the unsold residue as the property of Jacob H. Izor, the claimant, and notify him to resume possession of the same and go on with the grocery business? It is exercising a high hand, when the attachment creditor can *75 seize all the goods as belonging to his debtor, and when his claim is satisfied throw the unsold portions to the real owner as so much refuse; and yet that is the attitude of the plaintiff in error in defending against recovery in this case on the undertaking. The creditor exercised his legal privilege and right to ignore the finding and judgment in the case where the right of property was tried, gave the undertaking, and by course of conduct, said to the officer as well as to the claimant, the goods and chattels attached belong to the debtor, J. E. Izor, notwithstanding the result in the magistrate’s court, and you will proceed with the sale as if no such trial of right of property had taken place, for such is your statutory duty. The sale proceeded until enough was sold to pay the claim, and then the creditor says, perhaps the unsold residue of property may belong to the successful claimant, and so far as I am concerned he may take it back. This would be a most arbitrary partition of the property, and would, if legally recognized, give the cream of the goods to the auction block an,d the odds and ends to the claimant.
The exercise of such a right would bring about very unjust consequences, and is not permissible under a proper construction of the statute and the undertaking. The course pursued by the creditor compelled the claimant to rely on and resort'to the undertaking for his redress, and here again the creditor contests the claimant’s title to any part of the property, but asked the trial court to charge the jury that in case the claimant made out his title to the whole, he could recover only for the value of the goods actually sold with interest on that value, because he, the creditor, had offered to return the *76 unsold residue to the claimant. Such doctrine is not the law of this case, and the trial court correctly so held. The condition of the bond is to pay to the claimant “all damages sustained by reason of the detention or sale of the property so attached," and the condition is not met by payment for such parts of the goqds and chattels as were sold by the' officer. The detention was of the entire stock seized and the true owner was not required to hunt up or down for the remnants unsold.
The undertaking took the place of the property, is the concrete statement of the law to be applied to the facts of the case, and the sureties on the instrument are held to secure the performance by the principal of the obligations which he has assumed.
It is hardly necessary to say that the provisions of the sections of the statute referred to, while a part of» the statute relating to executions, exemptions, etc., are construed to apply also to proceedings in attachment, the trial of the right of property, execution of undertaking, etc., as in cases of executions.
We find no error, and the judgment of the circuit court is affirmed.

Judgment affirmed.

Shauck, C. J., Crew, Summers, Spear and Davis, JJ., concur.